**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER, SR.** | : | **CIVIL ACTION NO. 1:14-CV-0571** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **MS. REGINA BROWN, THE MEDICAL ADMINISTRATOR,** | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 3rd day of April, 2014, upon consideration of plaintiff's recently filed Bivens[1] action (Doc. 1), in which he seeks to proceed *in forma pauperis* (Doc.2), and the court finding that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits him from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, see Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000), and it being evident

---

[1] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

that plaintiff's allegations[2] do not indicate that he "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"), or that a threat of danger is real and proximate, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"), and, therefore, his claim fails to meet the imminent danger exception to section 1915(g), it is hereby ORDERED that:

---

[2] Chandler, an inmate incarcerated at the United States Penitentiary at Lewisburg, alleges that when a new medication is prescribed, the pharmacist provides the inmate with a medication information sheet that explains the uses of the drug and potential side effects. (Doc. 1, at 4.) On March 10, 2014, he received a new medication without a medication information sheet. (Id.) Prior to ingesting it, he sought information from defendant Brown, but Brown did not respond. (Id.) On March 16, 2014, he took the medication as instructed on the package and, thirty to forty minutes later, he purportedly experienced a reaction that caused him to vomit. (Id.)

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to VACATE the administrative order (Doc. 6) and NOTIFY the warden at the United States Penitentiary at Lewisburg.

4. The Clerk of Court is further directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania